CHAS. J. GODFREY V. A. J. ANDERSON.

No. 744.

**1. Contract of Sale—Construction.**

The evidence in an action by the seller for the price of goods sold showed that plaintiff wrote the buyer that his terms were "thirty days net from date of shipment, or a cash discount of five per cent if paid within ten days from date of shipment," and the buyer replied, "Will accept the cash price of five per cent off," and the plaintiff thereupon shipped the goods, marking upon the invoice "Terms 5 per cent cash, 10 days." Held, that it was not optional with the buyer to pay in thirty days from date of shipment, but that payment was due ten days from such date.

**2. Same—Allowance of Discount.**

Plaintiff, having sold the goods on ten days time, at a discount of five per cent, and having sued on such contract for the purchase money, must allow such discount, although the payment was not made within the ten days.

APPEAL from Tarrant. Tried below before Hon. W. D. HARRIS.

*B. P. Eubank,* for appellant.

*F. M. Brantly* and *Hogsett & Orrick,* for appellee.

NEILL, ASSOCIATE JUSTICE.—On the 16th day of June, 1894, Chas. J. Godfrey, of New York City, instituted this suit against A. J. Anderson, of Fort Worth, Texas, upon a verified account for the sum of $1247.70 and interest alleged to be due on goods, wares and merchandise sold and delivered by the former to the latter party on the 4th day of June, 1894.

The appellee answered by a general denial, and by pleading specially, first, that said debt had not matured at the time the suit was instituted; that the goods were sold on thirty days' time, and that the bill therefor did not mature until thirty days after the 4th day of July, 1894, the day of their sale; and second, that if appellant's claim was due, five per cent of it was not just, for the reason that appellee was entitled to a reduction of that per cent on the amount.

The cause was tried without a jury on the 4th day of January, 1895,

and the court found that appellant's cause of action had not matured when the suit was brought, and thereupon rendered judgment dismissing the suit without prejudice to appellant's right to institute another suit on his demand; from which judgment this appeal is prosecuted.

*Conclusions of Fact.*—The evidence adduced on the trial shows that the terms of sale of the goods mentioned in the account sued on were fixed by written correspondence between the parties. as will be seen from the following excerpts from the writings.

On May 29, 1894, appellee's agent wrote appellant that his terms were "30 days net from date of shipment, or a cash discount of 5 per cent if paid within 10 days from date of shipment." To which appellee responded, on May 31, 1894, "Will accept the cash price of 5 per cent off." In reply to which appellant wrote, on June 4, 1894, "Your esteemed favor of the 31st ult. states would accept the 5 per cent cash discount offered. I am pleased to acknowledge. We enclose invoice of goods.  *  *  *  I will be in Austin until the 16th or 17th inst. and if convenient you will oblige me by mailing check to me here." Upon the invoice, which was mailed with the letter of June 4th, is written, "Terms 5 per cent cash 10 days."

The goods were shipped to appellant on the 5th day of June, 1894.

*Conclusions of Law.*—If there had been a general acceptance by appellee of the terms of sale proposed in appellant's letter of the 29th of May, it would have been optionary with the former to pay the net price 30 days from date of shipment, or to pay within 10 days therefrom and obtain a cash discount of 5 per cent on the bill. But the proposition as a whole was not accepted; on the contrary, it was treated by appellee as embracing two distinct propositions—the first, a net payment in 30 days from date of shipment, the second, a cash discount, at appellee's option, of 5 per cent, if paid within 10 days from said date. By his letter of May the 31st, appellee accepted the latter proposition, and such acceptance was so understood and acted on by appellant as is shown by his letter of the 4th of June. The appellant having proposed to sell at a discount of 5 per cent if paid within ten days, and the appellee having accepted the proposition, the contract between the parties was complete, and upon the failure of appellee to pay the price agreed upon within ten days, appellee's cause of action accrued upon the expiration of that time, which was on the day the suit was instituted. Therefore, we conclude that the court below erred in holding that the suit was prematurely brought.

The appellant having sold the goods on ten days' time at a discount of 5 per cent, and having sued on such contract for the purchase money, must allow such discount.

There being no controversy about the sale or price of the goods, the contention being only as to the time the debt was due, we will reverse

the judgment of the District Court and here render judgment in favor of appellant for $1185.32, with interest thereon from the 15th day of June, 1894, at the rate of 6 per cent per annum.

*Reversed and rendered.*

Delivered December 18, 1895.